1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

7

## EASTERN DISTRICT OF CALIFORNIA

8

| | |
|---|---|
| DAVID J. EDWARDS,        ) | 1:06mc0032 SMS |

9

10  ORDER REQUIRING PLAINTIFF
           Plaintiff,        )   TO SERVE COMPLAINT

11

    v.        )

12

REVENUE OFFICER DENNIS R.        )
13  COLLINS,        )

14

15             Defendant.        )

16

17        Plaintiff David J. Edwards, proceeding pro se, filed an ex parte application to quash a

18  defective notice of lien on August 4, 2006.  Plaintiff filed an amended application on August 28,

19  2006.  Plaintiff names Internal Revenue Officer Dennis R. Collins as Defendant.

20        On September 14, 2006, Plaintiff filed a proof of service showing that he served

21  Defendant with the relevant papers on August 30, 2006.

22        On October 23, 2006, the Court issued an order to show cause why the action should not

23  be dismissed for Plaintiff's failure to serve the proper parties.  The Court referred Plaintiff to

24  F.R.Civ.P. 4( i )(1), which requires that the summons and complaint also be served on the

25  Internal Revenue Service, the United States Attorney General and the United States Attorney for

26  the Eastern District of California.

27        Plaintiff filed his response to the order to show cause on November 1, 2006.  The

28  response purports to set forth four causes of action.  Plaintiff further explains that Dennis Collins

was the only person served because he was acting outside the jurisdiction of the IRS and is

therefore individually liable.  Plaintiff also states that he would serve the IRS and other necessary

parties concurrently with his filing, but as of the date of this order, he has not done so.

Plaintiff's response sets forth his belief as to why Defendant Collins is the only party that

needs to be served.  However, Plaintiff's response also somewhat confuses the answer to this

question.  Indeed, there are circumstances where a federal official may be sued in his individual

capacity, such as when the official acts beyond the statutory limitations of his power, i.e., when

he acts without any authority whatsoever.  Florida Dep't of State v. Treasure Salvors, Inc., 458

U.S. 670 (1982); Larson v. Domestic& Foreign Commerce Corp., 337 U.S. 682, 689-690 (1949).

Plaintiff's response, though, sets forth different allegations and different requests for relief than

his ex parte application to quash the notice of lien.  As Plaintiff doesn't specifically indicate that

he wishes to amend his ex parte request and because the filing was prepared only in response to

the Court's order to show cause, the Court will base its analysis on the allegations set forth in his

ex parte application.[1]

The issue presented is whether Plaintiff's action is against Dennis Collins in his

individual or official capacity.  If the answer is the latter, Plaintiff must serve the parties required

in F.R.Civ.P. 4( i )(1).

A claim for erroneous assessment and collection of taxes can only be asserted against the

United States, and not against an individual IRS officer. To the extent Plaintiff alleges taxes were

erroneously assessed or collected by Defendant, 28 U.S.C. § 1346 provides, in relevant part, that

the district courts have jurisdiction over

> "[a]ny civil action against the United States for the recovery of any internal-revenue tax
> alleged to have been erroneously or illegally assessed or collected, or any penalty claimed
> to have been collected without authority or any sum alleged to have been excessive or in
> any manner wrongfully collected under the internal-revenue laws."
> 28 U.S.C. § 1346(a)(1).

---

[1] Federal Rule of Civil Procedure 15(a) allows for one amendment as of right before the filing of a
responsive pleading.  Any additional amendments require leave of court.  Plaintiff has already filed his one
amendment as of right and will therefore need leave of court for future amendments.

1       Under 26 U.S.C. § 7422(f)(1), Congress explicitly incorporates employee immunity into

2  the tax code: "A suit or proceeding . . . may be maintained only against the United States and not

3  against any officer or employee of the United States (or former officer or employee) or his

4  personal representative."  Section 7422(f)(2) requires the substitution of the United States as

5  defendant in any claim brought against its employees.

6       A suit against IRS employees in their official capacity is essentially a suit against the

7  United States.  See Gilbert, 756 F.2d at 1459 (citing Larson v. Domestic & Foreign Commerce

8  Corp., 337 U .S. 682, 688 (1949)).  Even where a taxpayer alleges an IRS employee "recklessly

9  or intentionally disregards" any provision of the Revenue Code, the statute makes a suit against

10  the United States "the exclusive remedy for recovering damages resulting from such actions." 26

11  U.S.C. § 7433(a).

12       Plaintiff's amended ex parte application seeks to quash an allegedly defective notice of

13  lien filed by Defendant Dennis Collins.  The lien pertains to real property located in Clovis,

14  California, and for which an escrow was scheduled to close on July 17, 2006.  Plaintiff alleges

15  that the notice was improperly filed, defective and incomplete.  He further alleges that the filing

16  was fraudulent because no taxes were owed.  He requests that the Court quash the lien as

17  ineffective and allow the escrow to close.

18       Despite Plaintiff's contention that Defendant was acting in his individual capacity, the

19  acts he complains of are within the official duties of IRS employees in the assessment or

20  collection of taxes.  Therefore, Plaintiff should serve all necessary parties under F.R.Civ.P.

21  4(i)(1).

22       Plaintiff is GRANTED fifteen (15) days from the date of service of this order to serve the

23  proper parties.  Failure to respond to this order will result in a recommendation that this action be

24  dismissed.

25     IT IS SO ORDERED.

26  **Dated:**  **December 8, 2006**         **/s/ Dennis L. Beck**

    3b142a                 UNITED STATES MAGISTRATE JUDGE

27

28